FILED
CHARLOTTE, N. C.
JAN 3 1 2007
U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> DONALD EDWARD OEHMKE ) <br> ) <br> Defendant. ) <br> ) | Case Number: 5:06CR53-Britt <br><br> **UNDER SEAL** |

## GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PROCEDURES

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina (Matthew T. Martens, Assistant United States Attorney, appearing), and hereby respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a). In support of this Motion, the government avers the following:

### I. Statutory Victim Notification Requirements

On October 30, 2004, the President signed into law the Justice for All Act of 2004. Title I of the Act enumerates specific rights of crime victims in federal criminal cases, codified at 18 U.S.C. § 3771(a). These include "[t]he right to reasonable, accurate, and timely notice of any public court proceeding ... involving the crime or of any release or escape of the accused," and "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(2), (a)(4). The Act requires "[o]fficers and

employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). A "crime victim" under the Act is defined as "a person directly and proximately harmed" as a result of the commission of a Federal offense. 18 U.S.C. § 3771(e).

In routine cases involving a single or limited number of victims, the victim notification burdens imposed by the Act upon the government will be substantial. In other cases, involving tens, hundreds, or even thousands of potential victims, the burdens imposed by the Act would be simply overwhelming. In recognition of this, the Act grants the Court authority to fashion alternative notification procedures when the Court finds that implementation of the prescribed requirements would be impracticable. The Act provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection [3771](a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 3771(d)(2). The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

In this case, the defendant is charged with conspiring to engage in mail fraud, wire fraud, and commodities fraud, all in violation of Title 18, United States Code, Section 371. In sum, the defendant participated in a series of securities fraud schemes beginning at least as early as April 2003 and continuing through at least in or about April 2005 in which the stocks of numerous publicly-

traded companies, including but not limited to BodyScan Corp., Twister Networks, Inc., Absolute Health & Fitness, Inc. (hereafter, "Absolute Health"), Concorde America, Inc. (hereafter, "Concorde"), and Bio-Heal Laboratories, Inc. (hereafter, "Bio-Heal"). In or about February and April 2005, the U.S. Securities & Exchange Commission (hereafter, the "SEC") filed two lawsuits in federal district court in Miami, Florida against Absolute Health, Concorde, Bio-Heal, and other individuals, alleging various securities law violations.

Based on undersigned counsel's knowledge of this case, it is the government's belief that the identification, much less notification, of potentially thousands of victims of the defendant's securities fraud schemes could quite literally consume the prosecutorial and investigative resources of the government in this district.[1] Identification of the victims in this case would require a review of hundreds of pages of clearing agent records to locate shareholders, gather contact information, initiate contact with the shareholders to determine the dates of their stockholdings and whether their purchase or sale of the securities in question was influenced by the defendant's fraudulent conduct. The number of potential shareholders and the extensive efforts needed to even identify whether they are in fact victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) absolutely impracticable. Indeed, requiring the government to undertake these steps to accomplish victim identification and notification would effectively nullify the efficiency benefits of reaching a plea agreement in this case. In sum, neither the government nor the Court has the

---

[1] For comparison, the U.S. Attorney's Office for the Southern District of New York – which employs 20 AUSAs and 2 in-house investigators in its Securities Unit alone – has concluded that the direct notification of victims of a *single* securities fraud scheme was unduly burdensome on the government. *See In re: W.R. Huff Asset Management Company, LLC*, 409 F.3d 555, 558 (2nd Cir. 2006). The U.S. Attorney's Office in this District employs only one AUSA was is devoted full-time to securities fraud matters.

resources to accord all of the victims in this case all of the rights prescribed in subsection 3771(a).

## II. Government's Proposed Alternative Notification Procedures

Consistent with the Court's discretion to fashion reasonable alternative victim notification procedures in cases such as this under section 3771(d)(2), the United States requests authorization from the Court to provide victim notification only to the SEC, the mission of which is to, among other things, "protect investors," including those investors victimized by securities fraud schemes such as the ones at issue here. *See* www.sec.gov/about/whatwedo.shtml. The United States proposes to send a letter to the SEC attorney assigned to this matter providing the following case information:

- The name of the defendant(s), the case number(s), and charge(s);
- Notification that the shareholders of BodyScan Corp., Twister Networks, Inc., Absolute Health & Fitness, Inc., Concorde America, Inc., Bio-Heal Laboratories, Inc., and GTX Global Corp may have been victimized by the illegal activities of the named defendant(s);
- All of the victim rights codified at 18 U.S.C. § 3771(a);
- The identity and telephone number of the prosecutor in the case;
- A description and explanation of the government's Victim Notification System (VNS); a Victim Identification Number(VIN); and a Personal Identification Number (PIN); and the means by which the associations and potential victims can obtain current case information from the VNS web site (www.notify.usdoj.gov) or from the VNS call center (1-866-DOJ-4YOU/1-866-365-4968)(TDD/TTY: 1-866-228-4619)(International: 1-502-213-2767) using the above information.

## III. Conclusion

The number of potential victims in this case renders identification and individual notification to each, as prescribed by 18 U.S.C. § 3771(a),(b), and (c), impracticable. In such cases, the Act authorizes this Court to fashion a reasonable, alternative notification procedure to effectuate the aims of the Act without unduly complicating or prolonging the proceedings. The government's proposed notification procedures accomplish these goals. For the reasons set forth above, the government

respectfully requests that this Court grant this motion and that this motion and any related order be sealed until such time as the defendant enters his guilty plea in this matter.

Respectfully submitted, this the 31st day of January, 2007.

>GRETCHEN C.F. SHAPPERT
>UNITED STATES ATTORNEY
>
>s/ Matthew T. Martens
>N.C. Bar Number: 31665
>Assistant United States Attorney
>United States Attorney's Office - WDNC
>227 West Trade Street, Suite 1650
>Charlotte, North Carolina 28202
>Telephone: (704) 338-3134
>Facsimile: (704) 344-6629
>E-mail: matthew.martens2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of January, 2006, the foregoing pleading was served on the opposing party in this action by causing the same to be sent by U.S. mail to:

    Sotiris "Ted" Planzos, Esq.
    Patton Boggs LLP
    2550 M Street, NW
    Washington, DC 20037
    tplanzos@pattonboggs.com

    Richard Serafini, Esq.
    Greenberg Traurig LLP
    401 East Las Olas Blvd.
    Suite 2000
    Fort Lauderdale, FL 33301
    serafinir@gtlaw.com

*Counsel for defendant Donald E. Oehmke*

_____
s/ Matthew T. Martens